## WONG LANG v. ALASKA IMP. CO.

### No. 15,575; October 30, 1894.

#### 38 Pac. 104.

**Action for Services—Conflicting Evidence.**—In an action for labor in defendant's fish cannery, defendant's testimony was that the balance claimed by plaintiff was covered by a charge against him for defective canning, in accordance with the contract, and that plaintiff had signed a receipt in full, which was read to him before he signed it. Plaintiff's testimony was that the defective canning was due to defective machinery; that plaintiff could not read writing in the English language; that the receipt was not read to him at the time he signed it; that he supposed he was signing only for a payment which he then received. Held, that a verdict for plaintiff will not be disturbed.

APPEAL from Superior Court, City and County of San Francisco; Charles W. Slack, Judge.

Action by Wong Lang against Alaska Improvement Company on contract. From a judgment rendered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Daniel Titus for appellant; Reddy, Campbell & Metson for respondent.

VANCLIEF, C.—The action is upon a written agreement between plaintiff and defendant, whereby the plaintiff, in consideration of certain specified payments to be made by the defendant, agreed to do and cause to be done, by himself and about ninety other Chinamen, to be employed by him, certain labor in and about the fish cannery of defendant during the fishing season of 1891; and thereupon it is alleged in the complaint "that plaintiff fully and faithfully performed each and every of the covenants on his part in said agreement contained, and that on the twenty-third day of November, 1891, there became due and payable to plaintiff, under and in accordance with the terms of said agreement, for and on account of said performance on his part, the sum of $23,775''; and it is further alleged that defendant has paid plaintiff only $21,155 on account, leaving still due, owing and unpaid, $2,620, for which plaintiff prays judgment. The defendant, by answer, denied that plaintiff had fully performed his contract, and denied that any sum was due, owing or unpaid to plaintiff; alleged full payment of the amount found due according to the terms of the agreement upon an accounting and settlement between plaintiff and defendant, for which payment the plaintiff indorsed upon the agreement a receipt in full of all demands under the agreement. The jury returned a verdict in favor of plaintiff for the sum of $1,310, upon which judgment for this sum was rendered in favor of plaintiff. Defendant appeals from the judgment and from an order denying its motion for a new trial.

The only point made by appellant is that the verdict of the jury is not justified by the evidence. Although the transcript of the evidence brought up in the bill of exceptions seems to show a considerable preponderance of evidence, in number of witnesses at least, in favor of the defendant, yet I think it clear that the evidence for plaintiff substantially tends to prove all the issues on his part, and is prima facie sufficient to justify the verdict. That the verdict of a jury will not be set aside by this court on the ground that it appears to be against a mere preponderance of evidence is too well settled to require citation of authorities. The defendant's ledger account with plaintiff was put in evidence, and shows that plaintiff was credited with $23,775, which was balanced by charges, the last item of which is as follows: "Nov., 1891, Dr.,

to reclamation as per settlement, $1,312.55.'' It is claimed by defendant that this charge was properly made under that clause of the agreement which provides that plaintiff ''shall be allowed a percentage of four per cent for all 'do-overs' and mended cans, but all do-overs in excess of four per cent shall be charged'' to him at the rate of ten cents per can. The term ''do-overs'' means the cans of fish which have been so imperfectly closed that they leak, and therefore must be re-canned—done over. The whole controversy relates to this item of $1,312.55 charged to plaintiff for ''do-overs'' in excess of four per cent. Another part of the agreement required the defendant ''to furnish all materials necessary for the manufacturing of cans and packing of salmon, . . . . to keep the machinery in running order, and to furnish the necessary and experienced and skillful men to look after the same on their part.'' Plaintiff contended and testified that the ''do-overs'' in excess of four per cent were the effect of defective machinery, and the failure of defendant to keep the machinery in running order, or to furnish skillful men for that purpose, and were not caused by any negligence or want of skill on the part of the plaintiff; and as to this plaintiff's testimony was corroborated by that of Eugene Amiot, an apparently disinterested witness, and was undisputed, except by the testimony of Mr. Barling, a stockholder of defendant, and superintendent of the cannery, who admitted that the machinery was imperfect, and spoiled a great many cans, yet claimed that it worked ordinarily well. Nor is it distinctly contended by counsel for appellant that the evidence is not substantially conflicting upon this issue. The principal controversy relates to the alleged settlement, which is denied by the plaintiff. There is no question, however, that plaintiff signed the receipt in full, which is indorsed on the contract as alleged in the answer; but he testified at the trial that he could not read writing in the English language; that the receipt was not read nor explained to him; that at the time he signed it there had been no settlement to the effect that any charge should be made or allowed against him for ''do-overs''; that he was told and understood that the receipt was for only the amount ($10,000) then paid him on account, to enable him to pay off the Chinamen who had worked for him in defendant's cannery, and who were clamoring for their pay; and that he would not have

signed it had he known it was a receipt in full of all his demands under the contract. Four witnesses, who were stockholders of the defendant corporation, testified that the charge for the ''do-overs'' was the result of a settlement to which plaintiff assented, and that the receipt was read to plaintiff before he signed it. The plaintiff was subjected to a long and searching cross-examination, by which it is claimed that some inconsistencies in his testimony tending to impeach its credibility were shown. But the alleged inconsistencies relate principally to collateral matters, as to who were present, and what was said on two different occasions, and may be accounted for, I think, without prejudice to the credibility of his testimony, by his imperfect knowledge of the English language, in which he testified. As to the principal and only material matters—the alleged settlement and receipt—his testimony was self-consistent and positive, and was flatly contradicted by the witnesses for defendant. This, I think, constitutes a case of substantial conflict. The jury must have believed the testimony of the plaintiff, and the lower court was satisfied with the verdict; and, though counsel invite attention to the fact that the witnesses for defendant are white men, he does not claim that the jury was prejudiced against them on that account. I think the judgment and order should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.